IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| CHRISTOPHER MARTINEZ | BANKRUPTCY NO. 25-13992 (DJB) |
| Debtor | |
| LYNN E. FELDMAN, in her capacity as the Chapter 7 Trustee for the Estate of CHRISTOPHER MARTINEZ | |
| Plaintiff | |
| v. | ADVERSARY NO. 25- |
| VANESSA L. MARTINEZ | |
| Defendant | |

## COMPLAINT

Lynn E. Feldman, Chapter 7 Trustee (the "Trustee" and "Plaintiff") for the estate of Christopher Martinez (the "Debtor"), by and through her counsel, Karalis PC, hereby brings this Complaint against Vanessa L. Martinez (the "Defendant"), and in support thereof, respectfully avers as follows:

### JURISDICTION AND VENUE

1. The Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 105 and 363(h) of Title 11 of the United States Code to sell property in which Debtor has an interest.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4. The Court has personal jurisdiction over the Defendant pursuant to Fed. R. Bankr. P. 7004 and because the Defendant transacted and did business with the Debtor prior to the Petition Date (as defined hereinafter).

## PARTIES

5. The Plaintiff is the duly qualified and acting Chapter 7 Trustee in this bankruptcy proceeding.

6. The Defendant is an individual residing at 24 South Rowand Avenue, Runnemede, NJ 08078.

## STATEMENT OF FACTS

**A. Procedural Background.**

7. On October 1, 2025 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

8. On October 2, 2025, the Trustee was appointed and is so acting.

**B. Real Property Co-Owned by the Debtor's Bankruptcy Estate.**

9. The Debtor's bankruptcy estate and the Defendant co-own residential real property located at 24 South Rowand Avenue, Runnemede, NJ 08078 (the "Property").

10. The Property was transferred to the Defendant and the Debtor by way of a deed dated March 23, 2020.

11. The Property is owned by the Defendant and the Debtor as tenants in common which each owning a fifty percent (50%) interest therein.

2

12. The Defendant resides at the Property. The Trustee's Declaration in Support of this Complaint is attached hereto as Exhibit "A" and made a part hereof.

## COUNT I

### Approval to Sell the Property Pursuant to 11 U.S.C. § 363(h)

13. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 12 hereof as if fully set forth herein at length.

14. The Plaintiff seeks approval to sell the Property which includes the Debtor's interest and the Defendant's interest.

15. Pursuant to 11 U.S.C. § 363(h), the Plaintiff may sell the estate's interest, under subsection (b) or (c), and the interest of the Defendant in the Property which the Debtor had at the time of the commencement of case, an undivided interest as tenants in common, joint tenants, or tenants by entirety. *See*, 11 U.S.C. § 363(h).

16. In the case at bar, the Debtor's estate owns an interest in the Property which requires that the Property be sold in a commercially reasonable manner in order to enable the Debtor's estate to recover the value of its interest.

17. The Plaintiff believes, upon information and belief, that a partition in kind of such property among the Debtor's estate and the Defendant would be impracticable and would only incur additional expense for the Debtor's estate for subdivision and issues relating to valuation.

18. The benefit to the Debtor's estate of a sale of the Property free of the interest of the Defendant outweighs the detriment to such Defendant.

19. Upon information and belief, the Property has a fair market value of approximately $300,000.00 and is encumbered by a mortgage in the amount of $135,000.00.

20. The Property is residential real property.

21. To the best of the Plaintiff's knowledge, the Property is not used in the production, transmission or distribution for sale of electric energy or of natural or synthetic gas for heat, light or power.

22. Based upon the information available to the Plaintiff at this time, after deduction of costs of sale, there is sufficient equity in the Property to warrant its liquidation.

23. The Plaintiff will seek Court approval to employ a broker to market and sell the Property if the Plaintiff is granted permission to sell the Property pursuant to 11 U.S.C. § 363(h) free and clear of the interest of the Defendant.

24. The Plaintiff seeks Court approval to sell the Property including the Defendant's interest therein.

25. In addition, the Plaintiff seeks authorization to solely execute all listing and closing documents relating to the sale of the Property.

26. After the payment of all costs and expenses of the sale along with all applicable taxes, the Plaintiff will submit half of the balance of the remaining funds to the Defendant.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant under 11 U.S.C. § 363(h) as follows:

(a) Authorizing the Trustee to sell the Property;

(b) Authorizing the Trustee to solely execute all listing and closing documents relating to the sale of the Property;

(c) Awarding the Plaintiff her costs and reasonable attorneys' fees; and

(d) Granting such other relief as this Honorable Court deems just and appropriate.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Plaintiff/Trustee*

Dated: December 2, 2025

# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| CHRISTOPHER MARTINEZ | : | BANKRUPTCY NO. 25-13992 (DJB) |
| | : | |
| Debtor | : | |
| | : | |
| LYNN E. FELDMAN, in her capacity as the Chapter 7 Trustee for the Estate of CHRISTOPHER MARTINEZ | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | ADVERSARY NO. 25- |
| | : | |
| VANESSA L. MARTINEZ | : | |
| | : | |
| Defendant | : | |

**DECLARATION OF LYNN E. FELDMAN,
CHAPTER 7 TRUSTEE, IN SUPPORT OF COMPLAINT**

The undersigned hereby swears and affirms pursuant to 28 U.S.C. § 1746 that the following information is true and correct to the best of my knowledge, information and belief:

1. I am the Chapter 7 Trustee of the above-referenced bankruptcy estate.

2. On December 2, 2025, I filed the Complaint (the "Complaint").

3. I reviewed the Complaint prior its filing with the Court.

4. All of the facts and averments set forth in the Complaint are true and correct and I offer these facts and averments in support of the relief sought in the Complaint.

5. I declare under penalty of perjury that the foregoing is true and correct.

/s/ Lynn E. Feldman
Lynn E. Feldman,
Chapter 7 Trustee

Dated: December 2, 2025